## THOMPSON *v.* CITY OF ATLANTA.

One can not be lawfully convicted, in a municipal court, of the alleged offense of doing business in a designated city without a license, when there is no municipal ordinance of such city making it an offense to carry on business therein, for which license is required, without first obtaining such license.

One can not be convicted of such an alleged offense under a municipal ordinance which provides that "All persons . . . doing business . . in [the] city, who are required to register and pay license therefor, who shall refuse or fail to register such business" by a given date, "shall have executions issued against them by the clerk of council," etc.; and "any person whose duty it shall be to register their business, and who shall fail or refuse to do so, may be arrested and brought before the recorder's court, and on conviction fined," etc., "for each day such business has been done . . . without registering the same."

Argued November 19,—Decided December 12, 1906.

Certiorari. Before Judge Pendleton. Fulton superior court. October 2, 1906.

*R. B. Blackburn,* for plaintiff in error.

*J. L. Mayson* and *W. P. Hill,* contra.

FISH, C. J.   On the 4th day of May, 1906, W. S. Thompson was tried in the recorder's court of the City of Atlanta, upon an accusation, or copy of charges, wherein he was charged with "doing business without a license in the City of Atlanta, on the 3rd day of May, 1906." The recorder found him guilty, and sentenced him to pay a fine of one hundred dollars, or to be confined in the chain gang of the city for thirty days.   He carried his case by certiorari to the superior court, where the judgment of the recorder was affirmed; and he thereupon sued out a bill of exceptions, complaining of the judgment of the superior court.   Among other assignments of error in the petition for certiorari was that the judgment rendered by the recorder was contrary to law and to the evidence.   We think it clear that this assignment was well taken, and upon this ground the petition for certiorari should have been sustained.   .It appears from the petition for certiorari, as verified by the answer of the recorder, that the municipal ordinance which the accused was charged with having violated is "Section 28, of the tax ordinance of the City of Atlanta for 1905-6, which" section reads as follows:   "All persons, firms, or corporations doing business of any description or character whatever in said city, who are required to register and pay license therefor, who shall refuse or fail to register such business by the 5th of July, 1905, or those taking quarterly, who fail or refuse to do so by the 5th day after the beginning of the quarter, shall have executions issued against them by the clerk of council, which shall be levied and collected by the marshal as other tax executions; but this five days indulgence does not apply to liquor or beer dealers.   And any person whose duty it shall be to register their business, and who shall fail or refuse to do so, may be arrested and brought before the recorder's court, and; on conviction, fined a sum not exceeding one hundred dollars and costs, or be imprisoned not exceeding thirty days, or both, in the discretion of the court, for each day such business has been done after the 5th day of July, 1905, without registering the same." From the evidence it appeared that the accused had a license issued by the proper authority of the City of Atlanta, to do business as a money lender, at a designated place in such city, from July 5, 1905, to June 30, 1906.   Upon the back of such license there was an endorsement as follows:   "This license does not authorize the business of money lending on household or kitchen furniture or

household goods or wearing apparel or sewing machines or musical instruments or wages or salaries, or the buying of wages or salaries, unless licensee has complied with the act of the General Assembly of Ga., approved in 1904, which said act regulates such businesses." The evidence introduced by the city authorized the recorder to find that in December, 1905, and January, 1906, the accused had, in the City of Atlanta, loaned money to a Mrs. Shelton, charging monthly interest thereon and taking as security therefor a mortgage on a sewing machine belonging to her; although this was denied by the accused in his statement and by a witness who testified in his behalf. But although the evidence authorized such a finding, it did not authorize the recorder to find the accused guilty of the alleged offense with which he was charged. The contention of the city attorney is, in substance, as follows: The license issued by the city to the accused, to carry on the business of a money lender, did not authorize him to lend money on any of the classes of personal property described in the restriction or limitation of the scope of the license which was written on the back thereof. The act of the General Assembly approved August 15, 1904 (Acts 1904, p. 79), requires that any person, firm, or corporation, who shall, within an incorporated town or city, engage in the business of making loans on any of such classes of personal property, shall first obtain a license therefor from the officer of such town whose duty it shall be to issue licenses granted by such municipality. Upon the passage of this act, this provision thereof became incorporated into the charter of each town or city in the State. The accused, subsequently to the passage of this act, loaned money on one of these classes of personal property, within the limits of the City of Atlanta, without being licensed by the municipality so to do, and was, therefore, guilty of a municipal offense, under an ordinance providing for the punishment of persons doing business in the city without a license. In deciding this case, everything in this contention may be admitted, and still the accused would not be guilty of the alleged offense with which he was charged, unless there was an ordinance of the City of Atlanta making it an offense to carry on any business in the city, for which a municipal license is required, without first obtaining such license. No such ordinance was shown to exist. It is perfectly clear from the language of the ordinance relied on by the city, which is set out above, that the only offense which it defines

and for which it provides a punishment is the refusal or failure to register a business coming within the provisions of the ordinance, within the time therein prescribed. As we have seen, the penal portion of the ordinance is in the following language: "And any person whose duty it shall be *to register their business,* and who shall fail or refuse to do so, may be arrested and brought before the recorder's court, and on conviction fined a sum not exceeding one hundred dollars, or be imprisoned not exceeding thirty days, or both, in the discretion of the court, for each day such business has been done after the 5th of July, 1905, *without registering the same."* It is the failure to register the business, and not the carrying on of the same without first obtaining a license, which is made an offense by this ordinance. It may be—though this was not shown by the evidence—that, under the custom or practice of the city authorities in reference to the matter, one, in order to register his business, is required to first obtain a license to carry on such business; but it matters not whether the license is a prerequisite to registering the business, or registering the business is a prerequisite to obtaining the license, as the only offense created and defined by the ordinance is the refusal or failure to register the business; and one charged with "doing business without a license in the City of Atlanta" is charged with no offense at all under this ordinance. Even if the accused had been charged with failing to register the business of lending money on the classes of personal property described by the act of August 15, 1904, it was not shown that he had not done so. This disposes of the case, and therefore it is unnecessary to consider other legal questions which are presented by the petition for certiorari and discussed in brief of counsel for plaintiff in error.

<em>Judgment reversed.    All the Justices concur.</em>